IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rondell L. Hill,   Case No. 1:15CV2144

    Petitioner,

  v.   **ORDER**

Neil Turner,

    Respondent.

*Pro se* petitioner Rondell L. Hill filed this habeas corpus action under 28 U.S.C.§ 2254. (Doc. 1). Hill, a prisoner in state custody, names Warden Neil Turner as respondent. I have jurisdiction over the petition under § 2254(a).

Pending is the Warden's motion to dismiss the petition as untimely. (Doc. 8). Hill filed a traverse arguing that I should deny the motion because he is entitled to statutory and/or equitable tolling. (Doc. 9).

The Magistrate Judge to whom I referred the petition has filed a Report and Recommendation ("R&R") recommending I grant the Warden's motion and dismiss the petition. Having reviewed the R&R *de novo*, I agree.

## Background

The facts relevant to the pending motion are not complicated.

A jury convicted Hill of one count of aggravated murder with firearm specifications. (Doc. 8). On April 25, 2012, the trial court sentenced Hill to life in prison, with eligibility for parole in thirty years. (*Id.* at 4). Hill timely appealed his sentence and conviction to the court of appeals. (*Id.* at 6). On February 21, 2013, the court modified Hill's conviction from aggravated murder to murder,

and remanded the case to the trial court for re-sentencing. (*Id.* at 86). Hill further appealed to the Ohio Supreme Court, which declined jurisdiction on July 24, 2013. (*Id.* at 162).

Pursuant to the appellate court's remand, on September 19, 2013, the trial court re-sentenced Hill for his murder conviction to an aggregate term of eighteen years to life in prison. (*Id.* at 163). Hill thereafter timely appealed that sentence. (*Id.* at 164). On August 7, 2014, the court of appeals affirmed the sentence and otherwise overruled or dismissed Hill's assignments of error. (*Id.* at 224). Hill did not seek discretionary review of that decision by the Supreme Court of Ohio. As a result, his conviction and sentence became final forty-five days after the decision on direct appeal, that is, on September 21, 2014.

While Hill's timely appeal from his re-sentencing was still pending, he filed a delayed application to re-open the appeal of his conviction (Doc. 8 at 235) and a delayed motion for a new trial. (*Id.* at 252). The court of appeals and the trial court denied those motions as untimely. (*Id.* at 245, 269). Hill did not appeal the denial of his application to re-open his appeal, but he did appeal the denial of his motion for a new trial. (*Id.* at 270). The court of appeals affirmed (*Id.* at 309), and the Ohio Supreme Court declined jurisdiction. (*Id.* at 339).

Finally, on August 13, 2014, Hill, *pro se*, filed an untimely petition with the trial court to vacate or set aside the judgment. (*Id.* at 340). On September 25, 2014, the trial court dismissed the petition. (*Id.* at 363). Hill did not appeal.

Hill filed the instant petition on October 15, 2015. (Doc. 1).

## Discussion

As noted above, Hill's conviction became final on September 21, 2014, forty-five days after the court of appeals issued its August 7, 2014 decision affirming Hill's conviction and re-sentencing. *See Wilberger v. Carter*, 35 F. App'x 111, 115 (6th Cir. 2002). Thus, absent tolling, the one-year

Antiterrorism and Effective Death Penalty Act (AEDPA) limitations period began running on September 22, 2014 and expired September 22, 2015. *See Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004).

Hill argues that he is eligible for statutory tolling because he "has had ongoing motions and appeals since his re-sentence date [which] had to be exhausted to be able to file . . . his petition." (Doc. 9 at 5). He asserts that he discovered the information supporting these additional motions "long after his direct appeals." *Id.* He also contends that because he is a *pro se* litigant I should hold his pleadings to a less stringent standard than the one I apply to attorney-submitted pleadings. *Id.*

I find Hill's arguments unpersuasive.

As the Magistrate Judge observed, only timely-filed applications for post-conviction relief or collateral review are "properly filed" within the meaning of the AEDPA's tolling provisions. *Allen v. Siebert*, 552 U.S. 3, 6 (2007). Because neither Hill's application to re-open his appeal nor his motion for a new trial were timely filed, neither support his argument for statutory tolling. *See Pace v. DiuGlielmo*, 544 U.S. 408, 414 (2005).

The trial court dismissed the only other state collateral action Hill filed within the relevant period, his post-conviction petition to vacate or set aside judgment. The court did not specify untimeliness as a basis for that decision, and because Hill did not appeal that decision, there is no appellate decision affirming dismissal on grounds of untimeliness. As the Magistrate Judge pointed out, however, federal courts assume that state courts enforce their own procedural requirements. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). I must therefore conclude that the trial court's dismissal of Hill's petition, which was untimely filed, was due its untimeliness.[1]

---

[1] Even if I did not reach this conclusion, the fact remains that the petition's dismissal on September 25, 2015 would have extended the limitations period by a mere few days to September 26, 2016,

I agree with the Magistrate Judge that the "prison mailbox" rule is unavailing to Hill. *See Houston v. Lack*, 487 U.S. 266, 273 (1988). The only indication of when Hill mailed the instant petition is a handwritten certificate of service. That document states Hill filed his brief in support of the petition "on the __day of October 2015."( Doc. 1 at 16). Thus, even if he personally sent his petition through the prison mail system, the earliest he might have done so was October 1, 2015, at which time the limitations period already had expired.

Statutory tolling therefore does not apply.

Hill likewise is not entitled to equitable tolling. He cannot show he 1) "has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Hill has filed numerous post-conviction actions in Ohio courts, showing that he had the ability to timely file a federal habeas action and that no outside barrier impeded him from doing so. *See Harrison v. I.M.S.*, 56 F. App'x 682, 686 (6th Cir. 2003).

Hill tries to excuse himself by arguing that he delayed his filing under the mistaken belief that he first had to exhaust his remedies in other courts before submitting his petition here. That argument misses the mark: neither a petitioner's *pro se* status nor his professed ignorance of the law justifies equitable tolling of the limitations period for filing a federal habeas petition. *Johnson v. United States*, 544 U.S. 295, 308 (2005).

Hill asserts an alternative ground for equitable tolling: that new evidence exists establishing his "actual innocence." *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). This "new" evidence comes in the form of an affidavit from an eyewitness who states that he saw Hill run past his home with "no

---

nearly three weeks before Hill filed the instant petition.

weapon in hand while shots were being fired." (Doc. 1 at 7).

The Warden argues (and the Magistrate Judge agreed), however, that the affidavit is not newly discovered evidence. The affiant was on the prosecution's witness list at trial but did not testify. (Doc. 8 at 16-17). Hill therefore knew about the affiant and could either have interviewed him or called him as a witness for the defense, but he did not.

In any event, the affiant did not actually observe the crime, he merely saw Hill running away from the scene. On the other hand, there was corroborated testimony from another eyewitness who *did* see the crime that Hill was standing over the victim with a gun in his hand after shots rang out. (*Id.* at 3, 17, 18). Hill's proffered "new" evidence therefore would not conclusively rebut his identification as the shooter. *Schlup* 513 U.S. at 326-27 (to establish "actual innocence," a "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt").

Hill is therefore not entitled to equitable tolling on "actual innocence" grounds.

## Conclusion

It is therefore

ORDERED THAT

1. Hill's objections to the Magistrate Judge's R&R (Doc. 11) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report and Recommendation (Doc. 10) be, and the same hereby is, adopted; and

3. The petition be, and the same hereby is, dismissed with prejudice.

I decline to grant a certificate of appealability. In any event, petitioner could not take an

appeal from this decision in good faith, and appeal should not be allowed without prepayment of the requisite filing fee.

    So ordered.

<u>/s/ James G. Carr</u>
Sr. U.S. District Judge
